IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| DURWOOD OSTERHOUT,<br><br>Plaintiff,<br><br>vs.<br><br>DAVE JENKINS,<br><br>Defendants. | CV 14-00021-H-DLC-JTJ<br><br>FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

On November 17, 2014, the Court issued an Order finding that Plaintiff Durwood Osterhout's allegations failed to state a claim upon which relief could be granted. (Doc. 11.) Mr. Osterhout was given until December 15, 2014, to file a Second Amended Complaint. He failed to do so. Accordingly, for the reasons set forth in the Order of November 17, 2014, this matter should be dismissed for failure to state a claim.

**"Strike" under 28 U.S.C. § 1915(g)**

The Prison Litigation Reform Act prohibits a prisoner from bringing forma pauperis civil actions if the prisoner has brought three or more actions in federal court that were dismissed for frivolousness, maliciousness, or failure to state a

1

claim. 28 U.S.C. § 1915(g). Because Mr. Osterhout failed to state a claim and the Complaint is frivolous, this case should be designated as a strike under 28 U.S.C. §1915(g).

**Certification Regarding Appeal**

The Federal Rules of Appellate Procedure provide as follows:

A party who was permitted to proceed in forma pauperis in the district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization, unless: (A) the district court-before or after the notice of appeal is filed-certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding;

Fed.R.App.P. 24(a)(3)(A).

Analogously, 28 U.S.C. § 1915(a)(3) provides "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." The good faith standard is an objective one. *See Coppedge v. United States*, 369 U.S. 438, 445, 82 S.Ct. 917 (1962). A plaintiff satisfies the "good faith" requirement if he or she seeks review of any issue that is "not frivolous."

*Gardner v. Pogue*, 558 F.2d 548, 551 (9th Cir. 1977) (quoting *Coppedge*, 369 U.S. at 445). For purposes of Section 1915, an appeal is frivolous if it lacks any arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 327, 109 S.Ct. 1827 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1225 (9th Cir. 1984).

The finding that Mr. Osterhout has failed to state a claim is so clear no reasonable person could suppose an appeal would have merit. Therefore, this Court should certify that any appeal of this matter would not be taken in good faith.

**Address Changes**

At all times during the pendency of this action, Mr. Osterhout must immediately advise the Court of any change of address and its effective date. Failure to file a notice of change of address may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

Based upon the foregoing, the Court issues the following:

## RECOMMENDATIONS

1. This matter should be dismissed.

2. The Clerk of Court should be directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

3. The Clerk of Court should be directed to have the docket reflect that this

dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g). Mr. Osterhout failed to state a claim upon which relief may be granted.

4. The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Fed.R.App.P. 24(a)(3)(A) that any appeal of this decision would not be taken in good faith. The record makes plain the instant Complaint fails to state a claim and is frivolous as it lacks arguable substance in law or fact.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Osterhout may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.[1] 28 U.S.C. § 636. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 6th day of January, 2015.

---

[1]As this deadline allows a party to act after the Findings and Recommendations is "served," it falls under Fed.R.Civ.P. 6(d). Therefore, three (3) days are added after the period would otherwise expire.

/s/ John T. Johnston
John T. Johnston
United States Magistrate Judge